### 27581.   VAN ORMAN v. AULT.

JORDAN, Justice. The petitioner in habeas corpus is serving a sentence of five years imprisonment imposed in Wayne Superior Court on December 1, 1971, upon conviction for burglary. He sought release on constitutional grounds based on the circumstances of his arrest and conviction. After a hearing, the habeas corpus judge concluded that none of his constitutional rights had been violated and that he was being lawfully detained by the respondent. Accordingly, the judge remanded him to custody. The appeal is from that judgment.

It appears from the transcript that the trial judge conducted a full hearing and allowed the petitioner complete freedom to prove his assertions solely by his own testimony. He admitted that his employed attorney at the trial for burglary "made a good effort." It further appears from the testimony of this attorney that he made a reluctant, but nevertheless a deliberate decision, not to prosecute a first-stage appeal in which he could have urged the same grounds now asserted on habeas corpus, and that he reached this decision under circumstances which warrant the conclusion that it was done with the knowledge and consent of his client, who thereby waived his right to a first-stage appeal. The habeas corpus judge, as the trior of fact, was free to weigh the testimony of the petitioner and his attorney in order to determine the

truth of the assertions of the petitioner. In our opinion the record and transcript support the action of the habeas corpus judge and disclose no prejudicial error. The appeal is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972.

Gerald F. Van Orman, *pro se.*